IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARRY G. WALKER, III,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No. 14-853** |
| v. | : | |
| | : | |
| **CITY OF COATESVILLE,** | : | |
| **Defendant.** | : | |

MEMORANDUM

**MCHUGH, J.**                                                                                                       **November 26, 2014**

This is an employment case against a municipality brought under 42 U.S.C. §1981. Before me is a motion to dismiss on the ground that the statute of limitations expired. That motion requires me to answer a question that the Third Circuit has yet to address: whether 42 U.S.C. § 1981 employment actions brought against state actors through 42 U.S.C. § 1983 are subject to a two year or four year statute of limitations. Because I am persuaded by a growing and near-unanimous chorus of judicial voices, I conclude that the four year statute of limitations applies, and deny the defendant's motion to dismiss.

**Summary of the Facts**

Because this is a motion to dismiss, I assume "all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff Harry G. Walker III worked as City Manager for the City of Coatesville from 2006 to 2010. Walker's employment contract stated that if Walker were removed without cause, the City would provide "Termination Pay": full salary and benefits for six months.

The City terminated Walker in 2010 and hired a white person to replace him. The City did not provide him with the "Termination Pay." The City, according to the Complaint, falsely contends that (a) Walker was terminated for cause and (b) he was an employee at will and the contract providing Termination Pay was void. Walker contends that his termination was pre-textual and that the City denied him Termination Pay because of his race. He also claims disparate treatment in that a prior white city manager was given Termination Pay.

Walker filed this lawsuit in 2014, four years after his termination. The lawsuit alleges the City violated Walker's rights under 42 U.S.C. § 1981. Because Section 1981 does not include its own private remedy against state actors, Walker brought his lawsuit utilizing the remedy created by 42 U.S.C. § 1983.

The City has moved to dismiss, arguing that Walker brought his claims long after the statute of limitations that applies to 42 U.S.C. § 1983 expired.

**The Statute of Limitations for Section 1981 violations brought through Section 1983**

To understand the parties' dispute, it is helpful to review the three applicable statutes: 42 U.S.C. § 1981, which provides the right that plaintiff seeks to redress, 42 U.S.C. § 1983, which provides the vehicle to remedy that right, and 28 U.S.C. §1658, which, depending upon the authority consulted, does or does not provide a four-year statute of limitations for a Section 1981 lawsuit brought through Section 1983.

*42 U.S.C. § 1981*

Plaintiff alleges his former employer violated his rights under 42 U.S.C. § 1981. Section 1981 has three paragraphs. The language of the first paragraph is the same as the Reconstruction-era statute originally enacted in 1866:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C.A. § 1981 (West).

Before 1989, employees or former employees could rely on Section 1981 to challenge various forms of employment discrimination.

Then in 1989, the Supreme Court decided *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989). The Court ruled that the phrase "make and enforce contracts" applied only to the formation of contracts and subsequent legal enforcement. *Id.* at 177–78. The statute was therefore held not to cover discrimination that occurred after a contract had been formed. In the employment context, this meant that employees could not use Section 1981 to challenge discrimination that happened after the employment contract took effect.

Congress responded with the Civil Rights Act of 1991. It added a second paragraph to Section 1981, expanding the definition of "make and enforce contracts" as follows:

> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C.A. § 1981 (West). As a result of that Congressional action, Section 1981 once again prohibited discrimination after formation of a contract.

3

*42 U.S.C. § 1983*

Though Section 1981 provides a broad right to employees, it does not provide a remedy. The Third Circuit explained in *McGovern v. City of Philadelphia*, 554 F.3d 114, 120–21 (3d Cir. 2009) that even after the amendments to Section 1981, there is still no private right of action against state actors in Section 1981. Plaintiffs seeking to enforce the protection from discrimination that the statute guaranteed must still press their claims through the vehicle of 42 U.S.C. § 1983. *McGovern*, 554 F.3d at 120–21 ("In sum, because Congress neither explicitly created a remedy against state actors under § 1981(c), or expressed its intent to overrule *Jett*, we hold that 'the express cause of action for damages by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in Section 1981'").

Section 1983 does not include a statute of limitations. The Supreme Court explained in *Wilson v. Garcia*, 471 U.S. 261, 267 (1985), *superseded by 28 U.S.C. § 1658 as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004) that historically, "[w]hen Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." The Court found that adopting state limitations for personal injury suits for Section 1983 claims was appropriate in the absence of other federal law. *Id.* at 280. Courts still borrow from the tort law of the state where a claim arose to impose a statute of limitations on Section 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Pennsylvania state law provides a two year statute of limitations for personal injury suits. 42 Pa.C.S.A. § 5594(2); *Massey v. Fair Acres Geriatric Center*, 881 F.Supp.2d 663, 666 (E.D. Pa. 2012). As a result, Defendant is correct that *most* Section 1983 lawsuits arising in Pennsylvania are governed by a two year statute of limitations.

That does not, however, end the inquiry.

*28 U.S.C. § 1658*

In 1990, Congress created a statute of limitations specifically for civil actions arising out of newly passed legislation. 28 U.S.C. §1658. The legislation became effective as of December 1, 1990, and provided a window of four years within which to bring "a civil action arising under an Act of Congress enacted after the enactment of this section…"

Section 1981 confers a direct cause of action for claims against private parties, as compared with public entities. In a case involving post-contract claims brought directly under Section 1981, against private defendants, the Supreme Court held that Section 1658 provides the statute of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). The Court reasoned that even though Section 1981, as a whole, existed before Congress passed Section 1658, post-contract formation claims were still "made possible" by Congress' amendment in 1991. *Jones*, 541 U.S. at 383. Because the defendants in *Jones* were private parties with a direct claim, the Court did not address the applicability of Section 1658's statute of limitations to a Section 1981 claim brought through Section 1983.

**The Parties' Conflicting Positions**

Plaintiff contends that his claim should be ruled by the four-year statute of limitations created by 28 U.S.C. § 1658 rather than the two-year limit borrowed from state tort law. The argument proceeds as follows. Plaintiff has brought a Section 1981 claim through Section 1983. Plaintiff's claim is based on post-contract formation discrimination. Because *Patterson* held that Section 1981 did not cover post-contract formation claims, Plaintiff's claim is possible only

because Congress amended Section 1981 in 1991. Plaintiff's claim therefore arises "under an Act of Congress enacted after" 1990, with the result that 28 U.S.C. § 1658 governs the statute of limitations, not state tort law.

Defendant argues in response that because the two year statute applies to all other Section 1983 claims, it should apply equally to Section 1983 claims that purport to remedy Section 1981 violations.

**Resolution**

The Third Circuit has not definitively answered the question at bar.[1] At least one circuit and several district courts, including district courts in this district, have found that *Jones* requires courts to apply Section 1658's four year statute of limitations to Section 1981 claims brought through Section 1983.

In *Baker v. Birmingham*, 531 F.3d 1336 (11th Cir. 2008), the Eleventh Circuit recognized that because of *Patterson*, it would be impossible to bring any Section 1981 claim based on post-contract formation were it not for Congress' 1991 amendment. *Baker*, 531 F.3d at 1338. The court noted that in *Jones* the Supreme Court held that Section 1658 controls when "the plaintiff's claim against the defendant was made possible by a post-1990 enactment." *Id.* (citing *Jones*, 541

---

[1] The only Third Circuit cases of which I am aware that touch the issue are the non-precedential *per curiam* opinion, *N'jai v. Floyd*, 386 F.App'x 141 (3d Cir. 2010) and *McGovern v., City of Philadelphia*, 554 F.3d 114 (3d Cir. 2009). In *N'jai*, the Third Circuit upheld an order dismissing a *pro se* litigant's employment discrimination, whistleblower, and "Right to Know" lawsuit. The court dismissed claims under Sections 1981, 1983, 1985, and 1986 because the two year statute of limitations for Section 1983 lawsuits and a separate one year limit for Section 1986 lawsuits had elapsed. *Id.* at 144. As noted in *Williams v. Rowan Univ.*, 2012 WL 813161 at *5, n.5 (D.N.J. 2012), "the Third Circuit does not appear to have been presented with the argument that Section 1658 may apply to a Section 1981 based Section 1983 claim." In *McGovern*, the Third Circuit, citing to *Jones*, recognized that claims brought directly under Section 1981 based on post-contract formation fall within Section 1658's four year limitations period, but the court nonetheless held that Section 1981 does not offer a private remedy against state actors. The plaintiff in that case appears not to have argued that Section 1658's statute of limitations should apply to Section 1981 suits brought through Section 1983. *McGovern*, 554 F.3d at 115 n.2 ("In addition to abandoning his Title VII suit, McGovern concedes that any potential claim under 42 U.S.C. § 1983 would be barred by its two-year statute of limitations") (citing *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (applying two-year statute of limitations to a Section 1983 claim based on a due process violation)). I do not view these cases as dispositive.

U.S. at 382). Therefore Section 1981 claims, although brought through Section 1983, are "made possible" by Congress' 1991 act.

District courts in the Third Circuit and around the country have agreed with *Baker*. *See Hills v. Borough of Colwyn*, 978 F.Supp. 2d 469, 477 (E.D. Pa. 2013) (Brody, J.) ("The *Jones* Court's broad reading of § 1658 … compels the conclusion that § 1658 provides the applicable limitations period."); *Williams v. Rowan Univ.*, 2012 WL 813161, (D.N.J. 2012) *6 ("the same reasoning that controlled in *Jones* controls here, warranting application of Section 1658's four year statute of limitations."); *Clayton v. Pennsylvania Dep't of Pub. Welfare ex rel. Richman*, 2007 WL 575677 (M.D. Pa. 2007); *Ortiz v. City of New York*, 755 F.Supp.2d 399, 404–08 (E.D.N.Y. 2010) ("Facing clear directive from the Supreme Court, I must characterize the cause of action as one that arises under § 1981(b), even if it results in a statute of limitation oddly springing (indirectly) from the right rather than the remedial vehicle"); *Mveng-Whitted v. Virginia State Univ.*, 927 F.Supp.2d 275, 278–279 (E.D.Va. 2013).

The defendant here offered only one decision that applied a two year statute of limitations to a Section 1981 claim brought through Section 1983. In *Barroso v. N.J. Transit Corp.*, 2011 U.S. Dist. LEXIS 3467, *9 (D.N.J. 2011), the court held that because claimants are required to proceed under §1983 to vindicate the rights conferred by §1981, the time limitation governing §1983 claims must apply. The court did not address the significance of the Supreme Court's analysis in *Jones*, the Eleventh Circuit's reasoning in *Baker*, or any of the other district court decisions cited above. On balance, I am not persuaded to follow *Barroso*.

I conclude that the four-year statute of limitations established by 28 U.S.C. §1656 governs the Section 1981 claim that the plaintiff in this case has brought through Section 1983. The Supreme Court decided in *Jones* that Section 1981 claims based on post-contract formation

were made possible by the 1991 Amendment, and they therefore arose under that act for the purposes of Section 1658. There is no reason to hold that the traditional two year statute of limitations for Section 1983 claims should override the plain meaning of Section 1658 and *Jones*. Courts import statutes of limitations for Section 1983 suits from state tort law only in the absence of a federal statute. *Wilson*, 471 U.S. at 266. Section 1658 provides such a federal statute for Section 1981 post-contract formation claims brought through Section 1983. To impose a two year statute of limitations to plaintiff's claim because he was required to use Section 1983 as a vehicle would be to ignore the plain language of the applicable statutes, as analyzed by the Supreme Court. This is not a case where the court needs to "borrow" a state statute of limitations, as Congress has spoken.

**Conclusion**

       For these reasons, I deny defendant's motion to dismiss. An appropriate order follows.

                                                /s/ Gerald Austin McHugh
                                     United States District Court Judge